## WOODWARD v. ARMSTRONG.
### No. 6162.

United States Court of Appeals for the District of Columbia.

Argued Oct. 2, 1934.

Decided Nov. 5, 1934.

John L. Fowler, of Washington, D. C., for appellant.

L. Robinson Maddox, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The appellant Woodward, as surviving partner of Woodward & Vieth, a copartnership, filed a declaration in the lower court against the appellee, Armstrong, claiming judgment against him in the sum of $1,530.01, for "money before that time lent and ad-vanced by the said co-partnership to the said defendant at his special instance and request, and to be paid to the said co-partnership when he, the said defendant should be thereunto afterwards requested"; that appellant, as surviving partner, became the owner of the claim; and that it is wholly due and payable, but unpaid, and appellant claimed judgment therefor. Appellant filed with his declaration particulars and amended particulars of demand in support of his claim.

Thereupon appellee filed a demurrer to the declaration, together with the bill and amended bill of particulars filed in conjunction therewith, upon the ground, as alleged, that the cause of action set out in the declaration accrued more than three years prior to the date of the filing thereof and was therefore barred by the statute of limitations of the District of Columbia.

The court sustained the demurrer upon the ground that the cause of action set out in the declaration was barred by the statute of limitations. Whereupon the appellant elected to stand upon his declaration as filed, and judgment was rendered against him accordingly. This appeal was then taken.

We think that the judgment of the trial court was erroneous. The allegations of the declaration do not disclose that the claim sued upon is barred by the statute of limitations. In the particulars of demand and the amended particulars of demand the plaintiff sets out an account apparently of mutual debits and credits commencing with January 1, 1929, and extending to October 1, 1930, which is stated to be a copy of an account kept by defendant, as shown by the books of the copartnership.

It is settled law that where there is a mutual open account between two parties it is implied that they have mutually consented that the items occurring from time to time in favor of the respective parties shall operate as mutual set-offs, and that the shifting balance, when either or both shall call for it, shall be the debt, and for this reason the statute of limitations does not run during such a state of mutual dealings, but only from the date of the last item; and if the last item is within the statutory period of limitations, it draws after it the items beyond that time. 17 R. C. L. p. 730, § 91.

According to the particulars of demand and the amended particulars of demand attached to the declaration in the present case, it fairly appears that the claim sued upon is the net debit balance due from appellee arising from a continuous running account be-

514

tween appellee and the partnership from the year 1929 up to October 1, 1930. The declaration was filed on June 3, 1933. This was within the period of three years following the last item of the account, which is conceded to be the period of limitations, and the entire debit apparently is thereby saved from the bar of the statute. Section 1265, D. C. Code 1924 (D. C. Code 1929, T. 24, § 341); Corinne Mill, Canal & Stock Co. v. Toponce, 152 U. S. 405, 14 S. Ct. 632, 38 L. Ed. 493; Anglo-Colombian Development Co. v. Stapleton, 57 App. D. C. 209, 19 F.(2d) 683.

Therefore, we do not find it apparent upon the face of the declaration that the cause of action therein stated was barred by the statute of limitations. Accordingly the judgment of the lower court is reversed, with costs, and the cause is remanded, with directions to overrule the defendant's demurrer, and for such further proceedings as are not inconsistent with the present opinion.