Leonard **WESLEY**, Appellant,

v.

**WALTER A. BROWN**, a partnership consisting of Walter A. Brown, Jr., Walter A. Brown III and Ruth A. Brown, Appellee.

No. 3384.

District of Columbia Court of Appeals.

Argued Dec. 16, 1963.

Decided Jan. 24, 1964.

---

7. Compare Fletcher v. Fletcher, Okl., 362 P.2d 691 (1961).

Harold P. Ganss, Washington, D. C., for appellant.

A. Slater Clarke, Washington, D. C., for appellee

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellee, a partnership in the insurance brokerage business, sued appellant for balance on account covering premiums on various insurance policies issued over a period of years at his request. After trial, judgment on the finding against appellant was entered from which this appeal ensued.[1]

The principal complaint is that the trial judge, sitting without a jury, erred in holding that the account between the parties was an open, mutual running account and in not applying the bar of the statute of limitations to a number of items set forth in the final statement of account. It was appellant's contention at trial that the issuance of each policy of insurance was a separate transaction, while appellee argued that their conduct in the course of a business relationship over a number of years indicated a mutual intention to maintain an open, running account on which charges were entered and instalment payments made.

> "It is settled law that where there is a mutual open account between two parties it is implied that they have mutually consented that the items occurring from time to time in favor of the respective parties shall operate as mutual set-offs, and that the shifting balance, when either or both shall call for it, shall be the debt, and for this reason the statute of limitations does not run during such a state of mutual dealings, but only from the date of the last item; and if the last item is within the statutory period of limitations, it draws aft-

---

1. There is no dispute as to the correctness of the total amount if judgment was properly granted.

er it the items beyond that time.  17 R. C.L. p. 730, § 91." [2]

See also Corinne Mill, Canal & Stock Co. v. Toponce, 152 U.S. 405, 14 S.Ct. 632, 38 L.Ed. 493; Jordan v. United States, D.C.E. D.Wis., 180 F.Supp. 950, 952; 54 C.J.S. Limitations of Actions § 165, Mutual Accounts Current.

We have examined the record, which shows conflict of testimony on the issues here involved, and are satisfied that there was competent evidence to support the trial judge's finding of an open, mutual running account between the parties and that the suit for the balance was not barred in part by the statute of limitations.

Affirmed.

2.  Woodward v. Armstrong, 64 App.D.C. 4, 73 F.2d 513.